CADES SCHUTTE
A Limited Liability Law Partnership

| | |
|---|---|
| PHILIP J. LEAS | 1467-0 |
| DANA A. BARBATA | 9112-0 |
| JANJEERA S. HAIL | 10956-0 |

Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
Fax (808) 521-9210
Email: pleas@cades.com
  dbarbata@cades.com
  jhail@cades.com

Attorneys for Plaintiff
LOAN FUNDER LLC, SERIES 2130

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LOAN FUNDER LLC, SERIES 2130,<br><br>   Plaintiff,<br><br>   v.<br><br>ALEX, LLC; DONALD DWIGHT HODGE; ABRAHAM ANTONIO RAMOS, JR., and INFINITY CAPITAL FINANCE CORPORATION,<br><br>   Defendants. | CIV. NO. 19-00016 SOM-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DECREE OF FORECLOSURE AGAINST DEFENDANTS ALEX, LLC, DONALD DWIGHT HODGE, AND INFINITY CAPITAL FINANCE CORPORATION |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DECREE OF FORECLOSURE AGAINST DEFENDANTS ALEX, LLC, DONALD DWIGHT HODGE, AND INFINITY CAPITAL FINANCE CORPORATION

Plaintiff LOAN FUNDER LLC, SERIES 2130 ("**Loan Funder**") filed a

Motion for Default Judgment and Decree of Foreclosure Against Defendants

ALEX, LLC, DONALD DWIGHT HODGE, AND INFINITY CAPITAL FINANCE CORPORATION (individually referred to as "**Alex**", "**Hodge**", "**Infinity**" and collectively referred to as "**Defendants**"), on March 28, 2019 ("**Motion**").  ECF No. 29.

Alex, Hodge, and Infinity were served with a copy of the Motion, and did not file an opposition or otherwise respond to the Motion.  The Motion came on for hearing on May 9, 2019, before the Honorable Rom Trader.  Dana A. Barbata and Janjeera S. Hail appeared on behalf of Loan Funder.  Defendant ABRAHAM ANTONIO RAMOS, JR. represented himself *pro se.* No other party made an appearance, three calls being made at 9:50 am.

After careful consideration of the Motion, its supporting declarations and exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Loan Funder provided financing to Alex for the purchase and renovation of property located at 3608 Kumulani Street, Honolulu, Hawaii 96822, designated as Tax Map Key No. (1) 2-9-064-049 (the "Property").  Complaint, ¶ 7. To that end, Loan Funder and Alex executed a Promissory Note dated August 16, 2017 in the amount of $917,681.00 with an annual interest rate of 10.99% or 45% per year in the case of default, and a maturity date of August 15, 2018 ("Promissory Note").

2

Id. at ¶ 9 and Exhibit "1". Hodge executed a Commercial Guaranty dated August 16, 2017, unconditionally guaranteeing payment of the Promissory Note ("Guaranty"). Id. at ¶ 10 and Exhibit "2". The Promissory Note is secured by Alex's interest in the Property pursuant to a Mortgage recorded in the Hawaii Bureau of Conveyances as Document No. A-64510304 ("Mortgage"). Id. at ¶11; see also Motion, Exhibit "3". Pursuant to the Mortgage, any failure by Alex to pay any installment payment of principal or interest under the Promissory Note within five days after it becomes due and payable constitutes an event of default. Motion, Exhibit "3", art. 2.01.

Alex also executed an assignment of leases and rents to Loan Funder, recorded in the Hawaii Bureau of Conveyances as Document No. A-64510305 as security for the repayment of the Promissory Note ("Assignment"). Complaint, ¶ 12; Motion, Exhibit "4".

Loan Funder, Alex, and Hodge executed an Extension Agreement dated August 15, 2018 to reconfirm the loan obligations and Guaranty and to extend the maturity of the Promissory Note to November 15, 2018 ("Extension"). Complaint, ¶ 13; Motion, Exhibit "5".

The Promissory Note matured and is payable in full. On October 4, 2018, Loan Funder submitted a notice of default to Alex demanding prompt payment in full. Motion, Exhibit "6". On January 14, 2019, Loan Funder filed its Complaint against Alex, Hodge, and Ramos to recover the full amounts due and owing under

the Promissory Note, as secured by the Guaranty, Mortgage, Assignment, and Extension.  Despite demand for payment, Alex and Hodge have not responded.  The facts stated above are admitted by their default.  See ECF No. 18.

Infinity may have or may claim to have an interest in the Property by virtue of a mortgage dated August 16, 2017, recorded in the Hawaii Bureau of Conveyances on August 30, 2017 as Document No. A-64510307.  Complaint, ¶ 20.  By reason of its default, Infinity does not dispute Loan Funder's claims.  See ECF No. 21.

The Clerk entered default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on February 13, 2019 and February 28, 2019.  ECF Nos. 17 and 21.  The present Motion followed.

## ANALYSIS

The Court may enter default judgment upon application by the party entitled to the judgment.  Fed.R.Civ.P. 55(b)(2).  State Farm Fire & Cas. Co. v. Tan, No. CV 12-00187 SOM-KSC, 2013 WL 3187933, at *1 (D. Haw. June 21, 2013); see also Carlone v. Lion & The Bull Films, Inc., 861 F. Supp. 2d 312, 318 (S.D.N.Y. 2012).  Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Hawaii Glaziers Tr. Funds v. Island Glazing, Inc., No. CV 13-00448 SOM-RLP, 2014 WL 819208, at *1 (D. Haw. Mar. 3, 2014) (citing to Fed.R.Civ.P. 55(b)(1), (2)).

4

The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint ;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Hawaii Glaziers, at *2 (citing to Eitel v. McCool, 782 F.2d 1470, 1470-72 (9th Cir. 1986)).

The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. Id. (internal citations omitted). In granting a default motion, the Court may order specific performance, enjoin certain conduct, award damages, and award attorneys' fees and costs. ME2 Prods., Inc. v. Pagaduan, No. CV 17-000130 SOM/KJM, 2018 WL 1069463, at *1-3 (D. Haw. Feb. 27, 2018). The Court may also order foreclosure of the subject property, the sale of the property, and apply the proceeds arising from the sale to satisfy the judgment. United States v. Pflum, No. 12-CV-0541-TOR, 2013 WL 2948163, at *4 (E.D. Wash. June 14, 2013); U.S. Bank Trust, N.A. for LSF9

5

Master Participation Trust v. Toney, Civ. No. 17-CV-5516, 2018 WL 3941940, at *1 (E.D.N.Y. Aug. 15, 2018).

### A.     The Eitel Factors Weigh in Favor of Granting Default Judgment

#### 1.     Possibility of Prejudice to Loan Funder

The three Defendants to which this Motion applies have not answered or otherwise defended themselves.  Only Ramos, who has appeared *pro se* has responded, also raising counter and cross claims.  However, Ramos explicitly states that he is not contesting "Plaintiff's claim regarding other Defendants." Defendant's Object [sic] Motion for Default Judgment and Decree of Foreclosure and Sale of Property (ECF No. 31), p. 3, § II.A.

Loan Funder has diligently litigated the instant case and will be prejudiced if the interest of Infinity in the Property is not extinguished. United States v. Lindsey, Civil No. 11-00664 JMS-KS, 2013 WL 3947757, at *7 (D. Haw. July 30, 2013).

Further, Loan Funder would be without recourse if default judgment is denied.  Hawaii Glaziers Tr. Funds v. Island Glazing, Inc., No. CV 13-00448 SOM-RLP, 2014 WL 819208, at *2 (D. Haw. Mar. 3, 2014); ME2 Prods., Inc. v. Pagaduan, No. CV 17-00130 SOM-KJM, 2017 WL 8786920, at *2 (D. Haw. Dec. 29, 2017), report and recommendation adopted as modified, No. CV 17-000130 SOM/KJM, 2018 WL 1069463 (D. Haw. Feb. 27, 2018).

#### 2.     Merits of Loan Funder's Substantive Claims

For purposes of liability, the "well-pleaded" factual allegations in the

6

complaint are taken as true on default. <u>DIRECTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 854 (9th Cir. 2007) (citing <u>Cripps v. Life Ins. Co. of North America</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citations omitted). Alex is indebted to Loan Funder for the unpaid amounts under a Promissory Note, which is secured by a Mortgage on the Property and a Guaranty signed by Hodge. <u>See</u> Complaint, ¶¶ 9-11, 13-15, and 19; Motion, Exhibit "3". Alex failed to make the requisite payments, thus it and Hodge, as Guarantor, are obligated to repay the Promissory Note pursuant to the terms set forth therein. <u>See</u> Complaint, Exhibit "1" at ¶ 3. This factor weighs in favor of Loan Funder.

    3.    **<u>Sufficiency of the Complaint</u>**

This factor weighs in favor of Loan Funder. Loan Funder sufficiently pleaded its allegations. There is clear support for the elements needed to establish its claims. <u>See</u> <u>NewGen, LLC v. Safe Cig, LLC</u>, 840 F.3d 606, 616 (9th Cir. 2016).

    4.    **<u>Sum of Money at Stake</u>**

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." <u>Id.</u> Loan Funder seeks $1,123,449.82 for delinquent payments, interest, late fees, and advancement for insurance through March 31, 2019, plus per diem interest thereafter. Loan Funder's payment request is tailored to and calculated based on its claims under the Promissory Note. <u>See</u> <u>Hawaii Laborers' Tr. Fund v. Taufatofua</u>, No. CV 15-00217 HG-RLP, 2015 WL

7

7873733 (D. Haw. Nov. 13, 2015), report and recommendation adopted sub nom. Hawaii Laborers' Tr. Funds v. Taufatofua, No. CV 15-00217 HG-RLP, 2015 WL 7783524 *3 (D. Haw. Dec. 3, 2015).  The payment request is thus reasonable and appropriate, and this factor weighs in favor of granting default judgment.

### 5. Possibility of Dispute Concerning Material Facts

The well-pleaded factual allegations of the Complaint will be taken as true. See DIRECTV, 503 F.3d at 854; Hawaii Glaziers, at * 3.  Defendants have been given ample opportunity to defend themselves, respond, and otherwise challenge the allegations contained in the Complaint, but have failed to do so. Because no dispute has been raised regarding Loan Funder's material factual allegations, this factor weighs in favor of default judgment.  See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (default judgment favored when there is no possibility of a dispute about the material facts because of the entry of default).

### 6. Whether Default was Due to Excusable Neglect

Loan Funder served Alex and Hodge on January 17, 2019 and Infinity on January 27, 2019.  See ECF Nos. 12, 14, and 16.  Upon Loan Funder's request, the Court entered default against all three shortly thereafter.  See ECF Nos. 18 and 21. Defendants have still not appeared in this matter.  There is no record of excusable neglect, but rather conscious and willful decision not to defend this action.  Hawaii Glaziers at * 4; NewGen, LLC, 840 F.3d at 616.  Thus, this factor weighs in favor

of granting default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendants' failure to answer Loan Funder's Complaint makes a decision on the merits (other than granting this motion) impractical, if not impossible, and termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action. Hawaii Glaziers at *4 (internal citations and quotations omitted).

This policy weighs against granting the Motion, but standing alone, it is not sufficient to prevent default judgment. Warner Bros Entm't Inc., 346 F. Supp. 2d at 1073.

### 8. Totality of the Eitel Factors

The court finds that the totality of the factors weighs in favor of entering default judgment in Loan Funder's favor and against Defendants.

## REMEDIES

### A. Damages

The Court awards the balance of the Promissory Note, interest, and late fees to Loan Funder, and denies Loan Funder's request for award of the advance of insurance. Loan Funder's damages are a straightforward calculation, and updated from the damages set forth in the Complaint. As of December 31, 2018, the damages Loan Funder claimed were as follows:

| | |
|---|---:|
| Principal Balance: | $847,636.00 |
| Interest to December 31, 2018: | 146,594.87 |
| Late Fees: | 14,862.64 |
| Advance for Insurance: | 2,552.10 |
| **Total Amount Due as of December 31, 2018:** | **$1,011,645.61** |

See Complaint, ¶ 19. As of March 31, 2019, the damages are as follows, which is a simple mathematical update:

| | |
|---|---:|
| Principal Balance: | $847,636.00 |
| Interest: | 248,419.75 |
| Late Fees: | 24,841.97 |
| Advance for Insurance: | 2,552.10 |
| **Total Amount Due as of March 31, 2019:** | **$1,123,449.82** |

Motion, Declaration of Maksim Stavinsky at ¶7. The Court did not find sufficient support at this time to award the advance for insurance and finds that the total amount due as of March 31, 2019 is $1,120,897.73. Per diem interest thereafter to the entry of judgment of $1,045.03 per day. Id.

**B.    Foreclosure on the Property and Application of Any Proceeds to Alex and Hodge's Debts Under the Note.**

The Mortgage is a valid lien on the Property. Complaint, ¶ 15. It clearly provides that Loan Funder "has the power and authority" to foreclose on the Property. Motion, Exhibit "3" at § 3.05. The Mortgage further provides that Loan Funder "may institute an action to foreclose this Mortgage against the Mortgaged Property, or take such other action at law or in equity for the enforcement of this Mortgage and realization on the mortgage security or any other security herein or elsewhere provided for…" Id. at § 4.16. Thus, based on the language of the

Mortgage and Defendants' failure to answer or otherwise defend themselves, Loan Funder is entitled to foreclosure of the Property to satisfy the default on the Promissory Note.  See United States v. Pflum, 2013 WL 2948163 at *4; U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Toney, 2018 WL 3941940 at *1.  In addition to the foreclosure remedy, Defendants are directly liable on the Note and the Guarantee for payment of the full amount owing to Loan Funder.

C. **Attorneys' Fees and Costs.**

    The Commercial Guaranty signed by Hodge provides:

> In the event of default…Guarantor [ ] agrees to pay all costs, without limitation, attorneys' fees, incurred or expended by the holder of the Note in the collection or attempted collection under this Guaranty and in realization of any lien or security interest securing amounts due hereunder…

See Complaint, Exhibit "2" at § 2.  The Mortgage includes the same requirement:

> **1.12 Expenses**.  Unless otherwise agreed in writing, Mortgagor will pay when due and payable all…attorneys' fees, court costs…which may hereafter be incurred by Mortgagee in connection with:… (c) in the event an Event of Default occurs hereunder or under the Note or any of the Loan Documents, all costs, fees and expenses, including without limitation, all reasonable attorneys' fees in connection with the enforcement under the Note or foreclosure under this Mortgage, preparation for enforcement of this Mortgage or any other Loan Documents, whether or not suit or other action is actually commenced or undertaken…

See Motion, Exhibit "3" at § 1.12 (emphasis in the original).

11

Thus, pursuant to the Guaranty and Mortgage, Loan Funder is entitled to recover its attorneys' fees and costs. Whitmire Micro-Gen Research Labs., Inc. v. Sector Diagnostics, LLC, No. CV08-00228 SOM-KSC, 2008 WL 5082751, at *2 (D. Haw. Dec. 2, 2008); OneWest Bank, N.A. v. Conklin, 310 F.R.D. 40, 45 (N.D.N.Y. 2015) (awarding attorneys' fees with default judgment where the note allowed plaintiff to recover "expenses including reasonable and customary attorneys' fees for enforcing this Note . . . ."); Builders Bank v. Rockaway Equities, LLC, No. CV 2008-3575, 2011 WL 4458851, at *7 (E.D.N.Y. Sept. 23, 2011) (awarding costs with default judgment pursuant to the terms of the relevant notes).

The Court finds that Loan Funder is entitled to recover its reasonable fees and costs in the amounts to be presented at the time of Court confirmation of the foreclosure sale.

**D.     54(b) Judgment**

"Rule 54(b) provides that 'when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.' . . . In making determinations under Rule 54(b), a district court must first determine that it has rendered a 'final judgment' . . . Second, the district court must determine whether there is any just reason for delay.'" Haldeman v. Golden, No. CIV. 05-00810 DAE-DS, 2010 WL 3946401, at *2-3 (D. Haw. Sept. 30, 2010)

12

(quoting Fed.R.Civ.P. 54(b)) (citation omitted). Applying this analysis to the instant case, the Court has granted all relief requested in the Motion that can be accounted for pursuant to the Mortgage (except for costs for insurance advanced) and reasonable attorneys' fees and expenses related to the foreclosure sale, thus constituting a final "decision upon a cognizable claim for relief" and satisfying the first element. Second, the Court finds no just reason that entry of final judgment should be delayed. These factors, therefore, weigh in favor of Rule 54(b) certification.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff Loan Funder's Motion is GRANTED IN PART AND DENIED IN PART as follows:

(1) The Defendants were appropriately served with the Complaint and Summons, and default was entered against Defendants; (2) Alex breached the Promissory Note and Hodge breached the Guaranty; (3) judgment is entered against Alex and Hodge for the full amount owed to Loan Funder on the Promissory Note being $1,120,897.73 as of March 31, 2019 plus interest of $1,045.03 per day until entry of judgment; (4) the Mortgage is a lien on the Property; (5) an order and decree for foreclosure of the Mortgage is hereby entered, and the amount due and owing to Loan Funder under the Promissory Note is secured by the Mortgage and a valid lien on the Property; (6) a commissioner

13

shall be appointed to take possession of the Property, to collect all rents derived therefrom, if any, and to sell the Property in the manner provided by law and the orders of this Court; (7) upon confirmation of the sale, the commissioner is authorized and directed to make and deliver to the purchaser an instrument of conveyance of the Property described in the Mortgage as may be appropriate; (8) it is ordered that if Infinity has any interest in the Property, such interest is junior and subordinate to Loan Funder's; (9) Loan Funder may be awarded its reasonable attorneys' fees and expenses incurred in this action pursuant to a motion filed upon completion of foreclosure; (10) the Court denies Loan Funder's claim at this time for advance of insurance; (11) the disposition of any remaining proceeds of the sale of the Property will be determined upon completion of the foreclosure; (12) final judgment shall be entered in favor of Loan Funder and against Defendants, there being no just reason for delay; and (13) claims by and against Defendants Abraham Antonio Ramos, Jr. remain pending for later resolution.

    IT IS SO FOUND AND RECOMMENDED.

    Dated: Honolulu, Hawaii, June 5, 2019.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge