IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LOAN FUNDER LLC, SERIES 2130, | ) ) | CIVIL NO. 19-00016 SOM/RT |
| Plaintiff, | ) ) | ORDER READOPTING FINDINGS AND RECOMMENDATION TO GRANT IN |
| vs. | ) ) ) | PART AND DENY IN PART PLAINTIFF'S MOTION FOR |
| ALEX, LLC; DONALD DWIGHT HODGE; ABRAHAM ANTONIO RAMOS, JR.; and INFINITY CAPITAL FINANCE CORPORATION, | ) ) ) ) ) | DEFAULT JUDGMENT AND DECREE OF FORECLOSURE WITH RESPECT TO ALEX, LLC, DONALD DWIGHT HODGE, and INFINITY CAPITAL FINANCE CORPORATION (ECF NO. |
| Defendants. | ) ) ) ) ) ) ) ) ) | 37); ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONFIRMATION OF SALE, DEFICIENCY JUDGMENT, WRIT OF POSSESSION AND MERGER OF NOTICE OF PENDENCY OF ACTION |

**ORDER READOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DECREE OF FORECLOSURE WITH RESPECT TO ALEX, LLC, DONALD DWIGHT HODGE, AND INFINITY CAPITAL FINANCE CORPORATION (ECF NO. 37); ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONFIRMATION OF SALE, DEFICIENCY JUDGMENT, WRIT OF POSSESSION AND MERGER OF NOTICE OF PENDENCY OF ACTION**

I.          INTRODUCTION.

This is a foreclosure action in which three of the named Defendants--Alex, LLC, Donald Dwight Hodge, and Infinity Capital Finance Corporation, have defaulted. The fourth Defendant, Abraham Antonio Ramos, Jr., filed an answer in this matter. Ramos filed for bankruptcy, but this court, unaware of that, earlier adopted Magistrate Judge Rom Trader's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's

Motion for Default Judgment and Decree of Foreclosure with Respect to Alex, LLC, Donald Dwight Hodge, and Infinity Capital Finance Corporation, ECF No. 37. That adoption occurred while the bankruptcy stay was in effect. To eliminate any issue on that score, this court here readopts the F&R now that the bankruptcy stay has been lifted.

Before this court is Plaintiff Loan Funder, LLC, Series 2130's Motion for Confirmation of Sale, Deficiency Judgment, Writ of Possession and Merger of Notice of Pendency of Action, ECF No. 48. That motion is granted except with respect to its request for attorneys' fees and costs, which is denied without prejudice to the filing of a separate motion. With respect to such a motion for attorneys' fees and costs, this court is very concerned with the amount requested and directs the Magistrate Judge to carefully consider those fees and costs before awarding them.

**II.      BACKGROUND.**

Alex, LLC, executed a promissory note dated August 16, 2017, for $917,681.00 as part of a loan from Loan Funder to purchase property in Honolulu, Hawaii. The note had an interest rate of 10.99%, with a default rate of 45%. The note required Alex, LLC, to make interest payments from October 1, 2017, through August 1, 2018, at which time the principal of the note had to be paid. Donald Dwight Hodge and Abraham Antonio Ramos,

2

Jr., executed guarantees to further secure the loan. The note was secured by a mortgage on the property. The note states that it shall be governed by New York law. The Guarantees state that they shall be governed by New Jersey law.

According to the Complaint, Defendant Infinity Capital may have or may claim an interest in and to the property at issue because of a junior mortgage on the property.

On January 14, 2019, Loan Funder filed the present action against Alex, LLC, Hodge, Ramos, and Infinity Capital Finance Corporation. *See* ECF No. 1.

While Ramos answered the Complaint, the other Defendants did not. Default was entered against Alex, LLC, Hodge, and Infinity Capital (the "defaulted Defendants"). On March 28, 2019, Loan Funder moved for default judgment and a decree of foreclosure with respect to the defaulted Defendants. *See* ECF No. 29. On May 9, 2019, a hearing was held before Magistrate Judge Rom Trader at which he found and recommended that the motion be granted in part and denied in part. *See* ECF No. 35. On June 24, 2019, this court, unaware that Ramos had begun bankruptcy proceedings, adopted the unopposed F&R. *See* ECF No. 41. On December 3, 2019, this court gave Ramos the opportunity to object to this court's readoption of the default judgment F&R, telling Ramos that he would be deemed to have waived any objection to proceedings against the defaulted

Defendants if Ramos failed to object. Ramos did not object. Accordingly, this court readopts the F&R and deems Ramos to have waived any right to challenge the propriety of proceeding in this manner.

**III. ANALYSIS.**

On October 30, 2019, Loan Funder filed a motion for confirmation of sale, deficiency judgment, and writ of possession. *See* ECF No. 48. All Defendants were served with a copy of the motion via U.S. mail at their last known addresses. *See* ECF No. 48-4. Although this court has expressed concern about the 45% default interest rate, *see* ECF No. 53, the court nevertheless grants the motion except with respect to its request for attorneys' fees and costs. Loan Funder may submit another motion for fees and costs to the Magistrate Judge assigned to this case.

> **A. While the Court is Concerned About the Default Interest Rate, the Defaulted Defendants Have Waived Any Right to Challenge that Rate.**

Because the note and the guarantees state that they shall be governed by New York and New Jersey law, respectively, this court turns to the law of those states with respect to the requested default interest rate. This court has previously noted its concerns about the default rate of interest in this matter.

Under New York law, "[p]arties are free to agree that a contract rate of interest shall increase upon default, so long as

4

an interest rate is not usurious or does not constitute a penalty." *Emigrant Funding Corp. v. 7021 LLC*, 25 Misc. 3d 1220(A), 901 N.Y.S.2d 906 (Sup. Ct. 2009); *Emery v. Fishmarket Inn of Granite Springs, Inc.*, 173 A.D.2d 765, 766, 570 N.Y.S.2d 821, 823 (1991) ("So long as an interest rate is not usurious or does not constitute a penalty, the parties are similarly free to agree that the contract rate of interest shall increase upon default." (citations omitted)). New Jersey law similarly provides, "It is the general rule in the case of a corporate borrower that it is not illegal to provide for a higher rate of interest than the legal rate after maturity, but if such rate is unconscionably high it will be unenforceable because it amounts to a penalty." *Feller v. Architects Display Bldgs., Inc.*, 54 N.J. Super. 205, 213, 148 A.2d 634, 639 (App. Div. 1959).

Even if the 45% default interest rate is not usurious under either New York or New Jersey law, this court makes no determination on that issue, leaving that determination for a future matter in which the court has the benefit of two-sided briefing. This court is aware that a number of courts interpreting New York law have determined that New York's usury laws do not apply to defaulted obligations, such as the default at issue in this case. *See, e.g., Adar Bays, LLC v. Aim Expl., Inc.*, 285 F. Supp. 3d 698, 704-05 (S.D.N.Y. 2018) ("Numerous courts in this District have held that New York's usury laws do

not apply to defaulted obligations."); *accord Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 (2d Cir. 1986) (interpreting New York law and stating, "the usury laws do not apply to defaulted obligations"). New York law further provides that "[n]o corporation shall hereafter interpose the defense of usury in any action." N.Y. Gen. Oblig. Law § 5-521 (McKinney).

New York also has a criminal usury cap, making it a felony to knowingly charge or collect interest on a "loan or forbearance" at a rate greater than 25% annually or the equivalent for a longer or shorter period. *See* N.Y. Penal Law § 190.40. Corporations may assert criminal usury in violation of section 190.40. *See* N.Y. Gen. Oblig. Law § 5-521(3) (McKinney) ("The provisions of subdivision one of this section shall not apply to any action in which a corporation interposes a defense of criminal usury as described in section 190.40 of the penal law."); *Nextbridge Arc Fund, LLC v. Vadodra Prop., LLC*, 31 Misc. 3d 1202(A), 929 N.Y.S.2d 201 (Sup. Ct. 2011) ("To the extent defendants Vadodra, Baroda, and Kazi assert criminal usury, a corporation and a limited liability company are not barred from imposing a defense of criminal usury."). One court has held that "New York's criminal usury cap applies to prevent a creditor from collecting interest above 25% even in default." *Madden v. Midland Funding, LLC*, 237 F. Supp. 3d 130, 142 (S.D.N.Y. 2017). However, *LG Capital Funding, LLC v. One World Holding, Inc.*, No.

15-CV-698 (SJ)(JO), 2018 WL 3135848, at *13 (E.D.N.Y. June 27, 2018), found *Madden* unpersuasive.

New Jersey courts have similarly determined that "an increase in interest rate effective only upon a borrower's default appears not to be subject to the usury laws." *Stuchin v. Kasirer*, 237 N.J. Super. 604, 610, 568 A.2d 907, 910 (App. Div. 1990); *accord Ramsey v. Morrison*, 39 N.J.L. 591, 593 (Sup. Ct. 1877) ("If the gain to the lender, beyond the legal rate of interest, is, by the contract, made dependent on the will of the borrower, as where he may discharge himself from it by the punctual payment of the principal, the contract is not usurious.").

Even assuming that the 45% default interest rate is not usurious, it could be void if against public policy. Again, this court declines to decide that issue under the circumstances. "Liquidated damages constitute the compensation which, the parties have agreed, should be paid in order to satisfy any loss or injury flowing from a breach of their contract." *Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 423-24, 393 N.Y.S.2d 365, 368 (1977). Liquidated damages are "an estimate, made by the parties at the time they enter into their agreement, of the extent of the injury that would be sustained as a result of breach of the agreement." Id., 41 N.Y.2d at 424, 393 N.Y.S.2d at 368. New York law provides that parties to contracts

7

are allowed to agree to a liquidated damage clause, "provided that the clause is neither unconscionable nor contrary to public policy." *Id.* "[L]iquidated damage provisions will not be enforced if it is against public policy to do so and public policy is firmly set against the imposition of penalties or forfeitures for which there is no statutory authority." *Id.*, 41 N.Y.2d at 424, 393 N.Y.S.2d at 369. A clause requiring "the payment of a sum of money grossly disproportionate to the amount of actual damages provides for penalty and is unenforceable." *Id.; accord Spirit Locker, Inc. v. EVO Direct, LLC*, 696 F. Supp. 2d 296, 304 (E.D.N.Y. 2010) ("If, however, the amount fixed is plainly or grossly disproportionate to the probable loss, the provision is a penalty clause and will not be enforced." (quotation marks and citation omitted)).

New Jersey law similarly prohibits penalties. *See Feller v. Architects Display Bldgs., Inc.*, 54 N.J. Super. 205, 213, 148 A.2d 634, 639 (App. Div. 1959) ("It is the general rule in the case of a corporate borrower that it is not illegal to provide for a higher rate of interest than the legal rate after maturity, but if such rate is unconscionably high it will be unenforceable because it amounts to a penalty.").

This court need not and does not decide whether the 45% default interest rate violates New York's or New Jersey's usury laws or should be void as against public policy. Usury and

8

public policy defenses are affirmative defenses. *See Hochman v. LaRea*, 14 A.D.3d 653, 654, 789 N.Y.S.2d 300, 301 (2005) (under New York law, "usury is an affirmative defense, and a heavy burden rests upon the party seeking to impeach a transaction based upon usury"); *Kaplan v. Kaplan*, 27 Misc. 2d 596, 597, 213 N.Y.S.2d 178, 179 (Sup. Ct. 1961) ("The answer contains two affirmative defenses: one alleging the procurement of the contract by fraud; and the other alleging that the contract is void as against public policy"); *Amos v. Amos*, 99 N.Y.S.2d 359, 360 (Sup. Ct. 1950) ("The principal affirmative defense relied upon by the defendant is to the effect that the mortgage in question is void as being against public policy."). *See also Hosp. Ctr. at Orange v. Cook*, 177 N.J. Super. 289, 303, 426 A.2d 526, 534 (App. Div. 1981) (under New Jersey law, "violation of public policy is a traditionally cognizable and viable affirmative defense to a contract action").

A party asserting affirmative defenses under New York law has the burden of proving those defenses. *See Sarl Louis Feraud Int'l v. Viewfinder, Inc.*, 489 F.3d 474, 478 (2d Cir. 2007) (the party invoking the public policy exception to enforcing a foreign judgment in New York has the burden of proving it applies); *Manion v. Pan Am. World Airways, Inc.*, 55 N.Y.2d 398, 405, 434 N.E.2d 1060, 1062 (1982) (citations omitted)

9

(under New York law, "[t]he party asserting an affirmative defense generally bears the burden of proof on that issue").

Similarly, a party asserting affirmative defenses under New Jersey law has the burden of proving those defenses. *Waters v. ShopRite Supermarkets, Inc.*, No. 2:10-CV-02986 WJM, 2011 WL 6029248, at *3 (D.N.J. Dec. 5, 2011) (under New Jersey law, "a defendant bears the burden of proving an affirmative defense."); *F.K. v. Integrity House, Inc.*, 460 N.J. Super. 105, 116, 213 A.3d 937, 944 (App. Div. 2019) (noting that, under New Jersey law, a defendant bears the burden of persuasion with respect to all affirmative defenses); *Vill. of Ridgefield Park v. New York, Susquehanna & W. Ry. Corp.*, 318 N.J. Super. 385, 395, 724 A.2d 267, 272 (App. Div. 1999), *modified*, 163 N.J. 446, 750 A.2d 57 (2000) (under New Jersey law, "[a] defendant relying on an affirmative defense has the burden of persuasion by a preponderance of the evidence standard."); *De Gruchy v. Wilscot Land Co.*, 110 N.J. Eq. 80, 84, 159 A. 164, 166 (Ch. 1932) ("Being an affirmative defense, all the authorities hold that the burden of proving [usury under New Jersey law], by a preponderance of the evidence, is upon him who asserts it.").

"Under Rule 8(c), an affirmative defense is generally waived and excluded from the case if not pleaded in the answer." *In re Bush*, No. ADV 03-00824-PHX-SSC, 2005 WL 6960185, at *6 (B.A.P. 9th Cir. Dec. 15, 2005); *Diaz v. Bautista*, No.

2:10-CV-04690-JHN-JC, 2012 WL 13005532, at *4 (C.D. Cal. Jan. 17, 2012) ("Rule 8(c)(1) contains a non-exhaustive list of affirmative defenses that are waived if not pled in the answer."); *accord Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) ("Generally, a failure to plead an affirmative defense, like statute of limitations, results in the waiver of that defense and its exclusion from the case."); 5 Fed. Prac. & Proc. Civ. § 1278 (3d ed.) ("It is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that defense and its exclusion from the case."). Because the defaulted Defendants failed to assert the affirmative defenses, this court has been deprived of the benefit of two-sided briefing on the matter. This court therefore determines that the defaulted Defendants failed to meet their burdens with respect to those defenses and waived any challenge to the 45% interest rate that could have been raised via an affirmative defense. This ruling does not apply to Ramos, against whom Loan Funder seeks no relief.

> **B. The Court Denies the Motion to the Extent is Seeks Attorneys' Fees and Costs**.

To the extent the motion seeks an award of fees and costs, the motion is denied without prejudice, as Loan Funder has not shown an entitlement on the present motion to all of the fees and costs requested. As stated at the hearing on this matter,

11

this court is concerned with the amount of fees requested in this default judgment case. This judge questions why over $40,000 is being sought in a foreclosure action involving defaulted parties. In any subsequent motion for fees and costs, the Magistrate Judge should carefully review the fees and costs requested to ensure that any award is reasonable (e.g., whether the case was overstaffed, whether amounts requested were caused by counsel's errors such as the error regarding the Commissioner's name that should not be charged to the defaulted Defendants, whether the hourly rates are reasonable for comparable attorneys in this community, and whether the amount of time spent on tasks is reasonable). Additionally, with any such motion, the Magistrate Judge should carefully review the amounts requested to ensure that only fees and costs allowable under the loan and/or guarantee documents are awarded.

### C. **The Motion is Granted in All Other Respects.**

The court grants the remainder of the unopposed motion. The court 1) confirms the sale of the property to Charles Chang for $935,000; 2) determines that Loan Funder's mortgage has priority over all interests of parties to this action, foreclosing on those interests; 3) authorizes the Commissioner to execute and deliver title to the property to Charles Chang or his designee; 4) grants a writ of possession to Charles Chang or his designee, which shall be immediately prepared and submitted to

12

this court by Loan Funder; 5) determines the principal, interest, late charges, and per diem interest to be that set forth in the F&R of June 6, 2019 (i.e., as of March 31, 2019, a principal balance of $847,636.00, interest of $248,419.75, late fees of $24,841.97, and per diem interest of $1,045.03; 6) determines and authorizes the payment of the Commissioner's fees and expenses of $4,896.34 from the proceeds of the sale; 7) orders a deficiency judgment in favor of Loan Funder and against Defendants Alex, LLC and Donald Dwight Hodge that Loan Funder shall prepare and submit to this court based on this order; and 8) grants a Rule 54(b) final judgment in favor of Loan Funder and against the defaulted Defendants as there is no just reason to delay.

**IV.    CONCLUSION.**

The motion is granted in part and denied in part as detailed above.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 6, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Loan Funder LLC, Series 2130 v. Alex, LLC, et al.,* Civ. No. 19-00016 SOM/RT; ORDER READOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DECREE OF FORECLOSURE WITH RESPECT TO ALEX, LLC, DONALD DWIGHT HODGE, and INFINITY CAPITAL FINANCE CORPORATION (ECF NO. 37); ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONFIRMATION OF SALE, DEFICIENCY JUDGMENT, WRIT OF POSSESSION AND MERGER OF NOTICE OF PENDENCY OF ACTION